IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Claritt,                                   :
                Petitioner        :
                                 :      No. 1204 C.D. 2016
            v.                    :
                                 :      Submitted:  December 9, 2016
Department of Corrections,                        :
                Respondent        :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  May 8, 2017


George Claritt (Petitioner) petitions, *pro se*, for review of the June 30, 2016 Final Determination of the Pennsylvania Office of Open Records (OOR), which denied Petitioner's appeal of the decision of the Pennsylvania Department of Corrections (Department) because it determined that the Department met its burden to establish that the requested records did not exist in its possession, custody, or control.

On May 12, 2016, Petitioner, an inmate at the State Correctional Institution at Dallas (SCI-Dallas), submitted a request to the Department pursuant to the Right-to-Know Law (RTKL)[1], seeking a copy of the "Written Judgment of Sentence Order," which contained the statutory authorization indicating under what

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 – 67.3104.

statute he was sentenced. (Certified Record (C.R.) at No. 1.) On May 18, 2016, the Department granted Petitioner's request and provided him the sentencing order pertaining to his case number.

On June 6, 2016, Petitioner appealed the Department's decision to the OOR, alleging that the record he received was not his original sentencing order with statutory authorization. On June 8, 2016, the Department submitted the affidavit of Diane Yale, the records supervisor at SCI-Dallas, wherein she attested that she performed a search of the Department's records and failed to discover any records responsive to Petitioner's request in the Department's possession, custody, or control other than the documents already provided to Petitioner.

On June 30, 2016, the OOR issued a Final Determination denying Petitioner's appeal. In its determination, the OOR noted that Petitioner failed to submit any evidence challenging the Department's affidavit. Therefore, the OOR determined that, in the absence of evidence indicating that the Department acted in bad faith, its affidavit was sufficient to meet its burden of establishing that the requested records were provided and that any additional records did not exist in its possession, custody, or control. Petitioner appealed that determination to this Court.

On appeal,[2] Petitioner does not challenge the OOR's Final Determination. Instead, Petitioner asserts that his current sentence is illegal because the Department committed him without a proper sentencing order. According to Petitioner, the appropriate remedy is to vacate his current sentence and resentence him under the proper statute in accordance with the statutory authorization.

In *Whitaker v. Department of Corrections* (Pa. Cmwlth., No. 1781 C.D. 2012, filed March 8, 2013), this Court addressed an issue nearly identical to that

_____

[2] This Court's standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

presented in the instant matter. In *Whitaker*, the petitioner-inmate requested a copy of his sentencing order; however, the Department advised the petitioner that no responsive records existed in its possession. The petitioner's appeal to the OOR was denied and he appealed to this Court, abandoning his challenge to the OOR's decision and asserting that the Department had no authority to detain him because it did not possess his sentencing order. We rejected that argument, reasoning that:

> [T]he RTKL is not a vehicle through which an individual can collaterally attack the legality of his criminal confinement. The RTKL does not contain any statutory provisions or procedures providing an individual with a right or avenue to declare his underlying judgment of sentence a legal nullity. Indeed, our Supreme Court has held that the Post-Conviction Relief Act[3] is the exclusive state-law remedy for prisoners challenging sentences that are allegedly illegal. Because Requestor does not contest the denial of his RTKL request and seeks relief that is beyond the purview of the RTKL, this Court has no basis upon which to disturb the OOR's final determination.

(Slip op. at 2) (citations and internal footnotes omitted).

Because Petitioner is attempting to collaterally attack the legality of his confinement on appeal from the OOR's Final Determination, we find *Whitaker* applicable and persuasive in the present matter.[4]

Accordingly, the OOR's Final Determination is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

---

[3] Sections 9541 through 9546 of the Judicial Code, 42 Pa.C.S. §§9541-9546.

[4] Although not binding precedent, an unreported decision of this Court may be cited for its persuasive value. 210 Pa. Code §69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Claritt,                                 :
                    Petitioner                  :
                                                :   No. 1204 C.D. 2016
            v.                                  :
                                                :
Department of Corrections,                      :
                    Respondent                  :

## *ORDER*

AND NOW, this 8th day of May, 2017, the June 30, 2016 Final Determination of the Office of Open Records is affirmed.


_____
PATRICIA A. McCULLOUGH, Judge